**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurence K. Libberton, | No. CV-97-1881-PHX-EHC |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Dora Schriro, et al.,[1] | **ORDER RE: CERTIFICATE OF APPEALABILITY** |
| Respondents. | |

The Court has denied petitioner Laurence K. Libberton's amended petition for a writ of habeas corpus. In the event petitioner appeals from this Court's judgment, in the interests of conserving scarce Criminal Justice Act funds that might be consumed drafting an application for a certificate of appealability to this Court, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c); <u>Turner v. Calderon</u>, 281 F.3d 851, 864-65 (9th Cir. 2002).

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has

---

[1] Dora Schriro, Director of the Arizona Department of Corrections, is substituted pursuant to Fed. R. Civ. P. 25(d)(1).

made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. Id.

The Court finds that jurists of reason could debate its resolution of the issues set forth in Claims 1, 2, 19a and 19c. The Court therefore grants a certificate of appealability as to these issues. For the reasons stated in the Court's Memorandum of Decision and Order filed simultaneously on this date as well as the Order regarding the procedural status of Petitioner's claims filed on July 17, 2000, (Dkt. 45), the Court declines to issue a certificate of appealability for Petitioner's remaining claims and procedural issues.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Court grants a Certificate of Appealability as to the following issues:

> Whether Claim 1, alleging the State failed to disclose the leniency promise to accomplice Martin Norton in return for his testimony against Petitioner, fails on the merits;

> Whether Claim 2, alleging the State failed to correct Norton's false testimony denying he was promised leniency in return for his testimony against Petitioner, fails on the merits;

> Whether Claim 19a, alleging counsel rendered ineffective assistance at sentencing by failing to investigate available mitigation, in particular failing to present Petitioner's mother, sister and a childhood friend to testify concerning his problem relationship with his father, his unstable childhood, history of substance abuse and his inability to commit the crimes at issue on his own, fails on the merits; and

> Whether Claim 19c, alleging ineffective assistance of counsel for failing to present mitigating psychiatric evidence, fails on the merits.

1 DATED this 17th day of September, 2007.

*[signature]*
Earl H. Carroll
United States District Judge