**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Laurence K. Libberton,               )
                                     )
                  Petitioner,        )
                                     )
            v.                       )        No. CIV 97-1881 PHX-EHC
                                     )
Dora B. Schriro, et al.,             )        DEATH PENALTY CASE
                                     )
                                     )        **ORDER**
                  Respondents.       )
                                     )
_____ )

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. 98.) Previously, this Court denied Petitioner's amended petition requesting habeas relief. (Dkt. 95.) Petitioner asks the Court to reconsider: (1) its determination to apply the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) to these proceedings; (2) its decision not to expand the record to include the 1992 deposition of Petitioner's trial counsel, George Lim; the 1993 affidavit of Daniel McIntosh; and the 1991 affidavit of Martin Norton as to any claims other than Claims 1, 2 and 3 of the Amended Petition; (3) its determination as to the merits of Claims 9 and 41; and (4) its determination as to the merits of Claim 20. (Dkt. 98 at 2.)

### DISCUSSION

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit

has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs. *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the court to "rethink what it has already thought through." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

## I. Applicability of the AEDPA

Petitioner first asks that the Court reconsider its determination that the provisions of the AEDPA apply to this case. Alternatively, he requests the Court issue a Certificate of Appealability (COA) on this question. (Dkt. 98 at 2-6.) Upon review, the Court does not believe this issue warrants reconsideration. Petitioner merely re-argues what he previously argued and seeks to distinguish the cases relied upon by the Court in rendering its decision. For this reason, and because the Court believes it correctly determined this question, the Court declines to "rethink what it has already thought through." *Rezzonico*, 32 F.Supp.2d at 1116. Regarding Petitioner's request for a COA on this issue, the AEDPA applies to this proceeding and this request will also be denied. (*See* Dkt. 95 at 7-8.)

## II. Expansion of the Record

Petitioner next challenges the Court's determination not to permit expansion of the record to consider the 1992 deposition of Petitioner's trial attorney, George Lim; the 1993 affidavit of Daniel McIntosh, or the use of Martin Norton's 1991 affidavit accept in addressing Claims 1, 2 and 3 of the Amended Petition. (*See* Dkt. 98 at 2, 6-9.) The Court denied the

1   request to expand with respect to these documents because it concluded, in each instance, that

2   Petitioner was not diligent in presenting them in state court. (*See* Dkt. 95 at 64, 65-67.)

3         Again, Petitioner's arguments in support of expanding the record merely evince

4   disagreement with the Court's conclusions concerning his diligence in obtaining this

5   information in state court. Petitioner cites no newly discovered evidence or change in the law

6   to bolster these claims, nor has he demonstrated the Court's conclusion was clear error. *See*

7   *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam).   Instead, he

8   reiterates that the state courts denied him funds to obtain these documents. (Dkt. 98 at 8, n.

9   1.)  In addition, for the first time, Petitioner contends he was hampered in obtaining any

10  documentation from George Lim and the McIntosh and Norton affidavits before the 1991-93

11  time frame, because Lim refused to sign an affidavit prior to his 1992 deposition, and

12  McIntosh and Norton "moved around a lot" and were not "the most willing or cooperative of

13  witnesses." (*Id.*)  These additional assertions were not raised previously.  A motion for

14  reconsideration is not a forum for the moving party to make new arguments not raised in its

15  original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-

16  26 (9th Cir. 1988); *see also U.S. v. $32,000 in U.S. Currency*, No. CIV 06-1766-PHX-DGC,

17  2007 WL 1526764, at *1 (D.Ariz., May 24, 2007) ("Motions under Rule 59(e) are not the

18  place for parties to assert arguments that could have been made, but were not made, in their

19  original briefs.")  For all these reasons, the Court declines to "rethink what it has already

20  thought through" and this claim will be denied.

21  **III. Claims 9 and 41**

22        Petitioner next requests reconsideration of the Court's determination to deny habeas

23  relief with respect to Claims 9 and 41.[1]  (Dkt. 98 at 2, 9-10.)  Upon review, it again appears

24  _____

25      [1]    In Claims 9 and 41, Petitioner contends that during voir dire via a jury
    questionnaire, and later at trial, the prosecution and the trial court effectively vouched for the

26  credibility of the prosecution's main witness, Martin Norton. (*See* Dkt. 13 at 36, 46; Dkt. 65

27  at 31; *see also* Dkt. 95 at 38-39.)

28                                    -3-

Petitioner merely disagrees with the Court's evaluation of these claims and re-argues his position. (*See* Dkt. 98 at 9-10.)  This is not a sufficient basis to support reconsideration.  The Court declines to "rethink what it has already thought through" (*see* Dkt. 95 at 39-45), and the motion will be denied.

**IV. Claim 20**

Last, Petitioner seeks reconsideration of the Court's determination to deny habeas relief with respect to Claim 20 of the Amended Petition.  (Dkt. 98 at 2, 10-13.)  In Claim 20, Petitioner contends the sentencing court failed to consider and give effect to all proffered mitigating evidence, including: (1) his youth; (2) his impulsive conduct, inability to premeditate, and abusive childhood; (3) the state's failure to provide him promised psychiatric treatment; (4) his lack of a previous record of violence; (5) the fact that his prior felony record stemmed from his abusive father filing charges against him; and (6) the fact that his conduct was that of a follower who did not initiate the crime.  (*See* Dkt. 13 at 39; Dkt. 65 at 36-39.)

For the reasons stated in the Court's order denying habeas relief, Petitioner has not established that either the sentencing court or the Arizona Supreme Court on review failed to consider all mitigation evidence presented by Petitioner.[2]  Petitioner can point to nothing in the record to support his contention that the state courts refused to consider all proffered mitigation.  Rather as stated by this Court in its order denying relief:

---

[2]     Petitioner argues for the first time in the motion to reconsider that the state courts did not consider all relevant mitigation because Arizona case law at the time unconstitutionally required a showing of a nexus or causal connection between the proffered mitigation and a defendant's conduct, thus "preclud[ing] full and proper consideration of Petitioner's mitigation in the record." (*See* Dkt. 98 at 12.)  The Court notes that nothing in the record indicates the state courts refused to consider mitigation proffered by Petitioner on that basis and his assertion is purely speculative.  In addition, Petitioner did not raise this argument in either his Amended Petition or Merits Brief.  As already noted, it is not proper to consider new claims or theories presented for the first time in a motion to reconsider. *See Northwest Acceptance Corp.*, 841 F.2d at 925-26; *see also $32,000 in U.S. Currency*, 2007 WL 1526764 at *1.

> The heart of Petitioner's contention appears to be that the Arizona courts were obligated to find the evidence he presented to be mitigating. The Constitution does not require such a finding. There is a distinction between "a failure to consider relevant evidence and a conclusion that such evidence was not mitigating"; the latter determination does not implicate the Constitution. *Williams v. Stewart*, 441 F.3d 1030, 1057 (9th Cir. 2006).

(Dkt. 95 at 34.)   As a result, Petitioner's arguments in support of   reconsideration notwithstanding, the Court declines to "rethink what it has already thought through." *Rezzzonico*, 32 F.Supp.2d at 1116.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall update the title of this case to reflect the substitution of Dora B. Schriro as the Director of the Department of Corrections.

DATED this 19th day of October, 2007.


_____
Earl H. Carroll
United States District Judge